UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
EAST HILL SYNAGOGUE, a New      :
Jersey Not-for-Profit           :
Corporation,                    :
                                :
              Plaintiff,        :     CIVIL ACTION
                                :     03-5228 (JAG)
         v.                     :
                                :
THE CITY OF ENGLEWOOD and THE   :
PLANNING BOARD OF THE CITY OF   :
ENGLEWOOD                       :
                                :
              Defendants,       :
                                :
and                             :
                                :
138 BRAYTON STREET, LLC,        :
                                :
              Intervener.       :
                                :
```

### REPORT AND RECOMMENDATION

Presently before the Court is a Motion to Dismiss by Defendants for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). This matter has been referred to me by the Honorable Joseph A. Greenaway, Jr. for an appropriate Report and Recommendation pursuant to Loc. Civ. R. 72.1(a)(2) and Fed. R. Civ. P. 72(b). I have read and considered the supporting and opposition papers filed herein. For the reasons expressed below, I respectfully recommend that the Defendants' Motion be denied.

1

## BACKGROUND

The Plaintiff claims violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc and 42 U.S.C. § 1983 for violation of the First Amendment. This motion to dismiss by the Defendants is based on the "Rooker-Feldman" doctrine and the Full Faith and Credit Act, 28 U.S.C. § 1738.

Plaintiff is a synagogue that has been involved in state court litigation with the Defendants City of Englewood ("Englewood"), Planning Board of the City of Englewood ("Planning Board"), and after intervening, 138 Brayton Street, LLC ("138 Brayton") since July 2000. On June 1, 2000, the Planning Board adopted a resolution granting Plaintiff's application for site plan approval for the conversion of the existing structure into a synagogue. On July 19, 2000, 138 Brayton sought a nullification of the Planning Board's approval of the Plaintiff's plan for the property. In May 2001, after an evidentiary hearing on 138 Brayton's claims, Judge Robert J. Pasero of the Superior Court of New Jersey Law Division, Passaic County entered a final judgment in favor of the Synagogue (Plaintiff in the present case) and the Planning Board (Defendant in the present case) upholding the site plan approval.

138 Brayton filed two post-judgment motions which led to five additional evidentiary hearings before the same state Court. 138 Brayton sought to enjoin the Synagogue from allowing congregants to erect tents for the Kiddush celebration following Bar Mitzvahs. On

December 23, 2002, Judge Pasero entered a temporary injunction preventing the Synagogue from using the parking lot for any purpose other than parking. Judge Pasero did so in order to preserve the status quo until the Planning Board considered the issue. In January and March 2003, exceptions were granted to the temporary injunction.

On April 7, 2003, Judge Pasero issued an Order stating "... the issue of the possible use of parking areas, traffic lanes and fire lanes in connection with primary or accessory outdoor uses at East Hill Synagogue, be and is hereby remanded to the Englewood Planning Board for review and consideration." Further, the Order stated the Planning Board should decide the issue within 90 days of the Order. The Planning Board held five public meetings to discuss the issue.

On September 17, 2003, the Planning Board adopted a resolution that granted the Synagogue the right to use its parking lot for Kiddush events involving tents, subject to certain terms and conditions. The resolution granted permission for three tent setups per year, with no more than one tent set up during the months of June, July, and August. As a result of the Planning Board's resolution, Judge Pasero dissolved the temporary injunction on September 30, 2003.

On November 3, 2003, the Synagogue filed a Complaint with the United States District Court for the District of New Jersey,

3

alleging a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and 42 U.S.C. § 1983 for violation of the First Amendment. The allegations are based on the aforementioned terms and conditions of the Planning Board's Resolution. The Complaint named Englewood and the Planning Board as Defendants. On May 14, 2004, 138 Brayton was granted permission to intervene. On October 26, 2004, the Honorable Joseph A. Greenaway, Jr. granted permission to file the this motion to dismiss predicated on the "Rooker-Feldman" doctrine.

## APPLICABLE LAW AND ANALYSIS

### a. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b) lists several defenses which may be made by motion prior to the filing of a responsive pleading. The sixth defense listed is the claim that plaintiff's complaint "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Case law has defined when this standard has been met and what factors need to be considered in making the determination.

In regard to a plaintiff's factual allegations, a Court analyzing a 12(b)(6) motion must accept as true all allegations in the plaintiff's complaint or amended complaint, and view all reasonable inferences that can be drawn from the pleadings in the light most favorable to the plaintiff. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The issue is

4

whether the plaintiff can prove the facts consistent with the allegations that will entitle him to relief, not whether he will ultimately prevail. Jones v. Jersey City Med. Ctr., 20 F. Supp. 2d 770, 772 (D.N.J. 1998). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 73 (1984). This entails determining whether plaintiff set forth sufficient information in the complaint to outline the elements of his claims. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### b. The Rooker-Feldman Doctrine

The "Rooker-Feldman" doctrine developed from the United States Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine states that only the United States Supreme Court, and not the lower federal courts, has jurisdiction to review a state court decision. The relevant statute states that "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court..." 28 U.S.C.A. § 1257. Since Congress has never granted this power to the District Courts, the United States Supreme Court has inferred that the District Courts do not have the authority to review state court decisions.

The United States Supreme Court has recently clarified and

narrowed the scope of the doctrine in <u>Exxon-Mobil Corp., et al v. Saudi Basic Industries Corp.</u>, 125 S. Ct. 1517 (2005). The doctrine is confined to:

> ...cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

<u>Id.</u> at 1521-2.

There are two circumstances where the Rooker-Feldman doctrine will bar a federal court from exercising jurisdiction:

> First, if the claim was "actually litigated" in state court prior to the filing of the federal action or, second, if the claim is "inextricably intertwined with [the] state adjudication," meaning that federal relief can only be predicated upon a conviction that the state court was wrong.

<u>Desi's Pizza, Inc. v. City of Wilkes-Barre</u>, 321 F.3d 411, 419 (3d Cir. 2003).

### I. Actually Litigated

The Defendants argue that the Plaintiff's claims were actually litigated in the State Court proceedings. In order to show that a matter was "actually litigated," a party must produce evidence that the State Court considered and decided precisely the same claim the opposing party has presented within the Federal Court. <u>ITT Corp. et al v. Intelnet Int'l Corp., et al</u>, 366 F.3d 205, 210-11, n 8, (3d. Cir. 2004), (citing to <u>Desi's Pizza, Inc. v. City of Wilkes-Barre</u>, 321 F.3d 411, 422 (3d. Cir. 2003)).

In the present complaint, Plaintiff does not seek to undo any New Jersey State Court judgement. The State Court did not rule on the merits of Plaintiff's claim that the limitations of the Planning Board's Resolution are a violation of RLUIPA, 42 U.S.C. § 2000cc, and 42 U.S.C. § 1983 for violation of the First Amendment. Rather the State Court issued a temporary injunction on the Plaintiff's parking lot uses to preserve the status quo until the Planning Board passed a resolution to specify the terms of use. The State Court did not decide any terms of the Resolution, rather it deferred to the Planning Board (legislature) as the appropriate forum. At no time after it was passed did the State Court rule on the merits of the Resolution.

The State Court did not rule on the merits of the Plaintiff's subsequent district court claims, therefore, these claims were not "actually litigated" in State Court. The Rooker-Feldman doctrine will not serve as a bar to the district court's jurisdiction in this matter.

### ii. Inextricably Intertwined

A claim is "inextricably intertwined" with a state court ruling when the relief requested in federal court requires determining that the state court's decision is "erroneous" or would render the judgment "void." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d. Cir. 1996). The FOCUS Court cites the Eighth Circuit's analysis of "inexplicably intertwined."

> ... to determine whether Rooker-Feldman bars [plaintiff's] federal suit requires determining exactly what the state court held . . . . If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

Id. (citing to Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

Plaintiff is not challenging the State Court's decision to defer to the Planning Board, nor do any of the Plaintiff's current claims oblige this Court to consider voiding or deciding that the State Court's deference to legislation was wrong. Plaintiff's district court claims are not "inextricably intertwined" with the State Court litigation, therefore the Rooker-Feldman doctrine will not serve as a bar to the district court's jurisdiction in this matter.

### iii. Summary

Plaintiff's claims filed in the New Jersey District Court are not barred by the narrow scope of the Rooker-Feldman Doctrine. Plaintiff's objections to the Resolution were not "actually litigated" during the State Court proceedings. Furthermore, the State Court decided that the legislature was better suited than the judiciary to determine this matter. Plaintiffs do not challenge the State Court's decision to defer, rather they challenge the legislature's Resolution. At no time did the State Court endorse

the Planning Board's Resolution. Plaintiff's district court claims are not "inextricably intertwined" because none of the claims force the District Court to consider the correctness of the State Court's decision to defer to the Planning Board.

## CONCLUSION

Since Plaintiff's claims were not "actually litigated" or "inextricably intertwined" with the state court claims, I respectfully recommend that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendants be denied.

Respectfully submitted,

_____
G. Donald Haneke
United States Magistrate

Dated: August /9 , 2005