NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST HILL SYNAGOGUE, a New Jersey Not-for-Profit Corporation, | |
| Plaintiff, | |
| v. | Civil Action No. 03-5228 (JAG) |
| THE CITY OF ENGLEWOOD and THE PLANNING BOARD OF THE CITY OF ENGLEWOOD, | **ORDER CLOSED** |
| Defendants, | |
| and | |
| 138 BRAYTON STREET, LLC, | |
| Intervenors. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the Motion to Dismiss of Defendants City of Englewood and Planning Board of City of Englewood. Defendants moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, predicated on the "Rooker-Feldman" doctrine. This Court referred this motion to Magistrate Judge G. Donald Haneke for a Report and Recommendation ("R&R"), pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(a)(2). Magistrate Judge Haneke issued a R&R on August 19, 2005, recommending that the Motion to Dismiss be denied. Defendants have both filed objections to the R&R. This Court concludes that Defendants' Motion to Dismiss should be granted for the reasons set forth in this Opinion.

## BACKGROUND

Litigation between plaintiff East Hill Synagogue and defendants began in 2000, when it sought Planning Board approval for its plan to convert a building into a synagogue. The City of Englewood had approved a site plan for the conversion when intervenors 138 Brayton Street filed suit in New Jersey state court in July of 2000. That matter was decided in favor of the synagogue. Intervenors filed two post-judgment motions seeking to enjoin the synagogue from erecting tents on a temporary basis in its parking lot. The state court held five additional evidentiary hearings. In December, 2002, the court issued a temporary injunction against erecting tents. Then, in April of 2003, the court remanded the matter to the City of Englewood Planning Board for review and to issue a decision. The Planning Board held five public meetings on the issue and, in September, 2003, adopted a resolution that restricted the right of the synagogue to erect tents in its parking lot. The state court then issued an order that the temporary injunction "be immediately dissolved, in light of the Resolution of the Planning Board of September 17, 2003, which shall bind the parties until further Order. . ." Pl. Opp. Brief at 13. In November, 2003, the synagogue filed the present complaint in federal court, alleging that the Planning Board's resolution violated the Religious Use and Institutionalized Persons Act, as well as a violation of the First Amendment under 42 U.S.C. § 1983. In October, 2004, this Court granted permission to file a motion to dismiss predicated on the "Rooker Feldman" doctrine.

## LEGAL STANDARDS

A.      **Standard of Review**

A Magistrate Judge's recommended disposition of a dispositive motion is subject to de novo review. See In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc.

v. Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also FED. R. CIV. P. 72(b).  Since a motion to dismiss is a dispositive motion, this Court conducts a de novo review of the parties' submissions.

**B.**     **The Rooker-Feldman Doctrine**

Earlier this year, the Supreme Court restated the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517 (2005).  The doctrine's name comes from two Supreme Court cases in which the Court held that jurisdiction for appellate review of state court decisions is lodged exclusively in the Supreme Court:

> Federal district courts, we noted, are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in Rooker and Feldman had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, i.e., properly dismissed for want of subject-matter jurisdiction.

Id. at 1521.

The Rooker-Feldman analysis has two prongs: federal courts lack subject-matter jurisdiction over claims which have been either "actually litigated" in state court, or which are "inextricably intertwined" with claims litigated in state court.  Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003).   Thus, under the second prong, the Rooker-Feldman doctrine applies not only when claims have been actually litigated in state court. Discussing Feldman, Justice Ginsburg observed, "the Court explained that a district court could not entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack was 'inextricably intertwined' with the state court's judgment." Exxon, 125 S. Ct. at 1521.  Justice Ginsburg stated the holding

3

of Johnson v. DeGrandy, 512 U.S. 997 (1994) as follows: "Rooker-Feldman bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Exxon, 125 S. Ct. at 1521.

The Third Circuit articulated the "inextricably intertwined" analysis in Gulla v. Strabane Township, 146 F.3d 168 (3d Cir. 1998):

> A federal claim is inextricably intertwined with a prior state adjudication if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. Accordingly, to determine whether Rooker-Feldman bars [plaintiff's] federal suit requires determining exactly what the state court held. . . If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

Id. at 171.

## DISCUSSION

Following the Gulla analysis, the first step is to determine what the state court held. "In applying Rooker-Feldman, the important determination is not necessarily what was argued before the state court, but what was decided by the state court." Bass v. Butler, 116 Fed. Appx. 376, 381 (3d Cir. 2004) (non-precedential). The state court decided that the Planning Board resolution is legally binding upon the parties. The next step is asking whether the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling. Were this court to grant effective declaratory relief as requested in this challenge, it would necessarily void the state court's ruling that the Planning

4

Board resolution is binding on the parties. If this Court determined that the Planning Board resolution violates the Constitution or federal law, it would order that the resolution does not bind the parties, thus determining that the state court's decision was wrong. The issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

Judge Haneke began and concluded the "inextricably intertwined" analysis in two sentences. Report and Recommendation at 8. His main statement falls short in examining the facts: "Plaintiff is not challenging the State Court's decision to defer to the Planning Board." This is correct but insufficient to complete the "inextricably intertwined" analysis. What is crucially omitted is that, nonetheless, granting effective relief necessarily voids that decision.

Because the requirements of the "inextricably intertwined" prong are met, this Court need not reach Plaintiff's arguments about whether the matter was "actually litigated" in state court.

Plaintiffs imply that Third Circuit law holds that the "inextricably intertwined" prong requires the federal claims to have been explicitly adjudicated in state court. This is not only contradictory to the Supreme Court's instruction, but also incorrect as a statement of what the Third Circuit has held. In several cases cited by plaintiffs, the Third Circuit has held that Rooker-Feldman did not apply because the state court decided the case on procedural grounds and did not reach the merits. For example, in Whiteford v. Reed, 155 F.3d 671 (3d Cir. 1998), the state court had ruled solely on an issue of appellate procedure, rather than on any substantive issue intertwined with the constitutional claim made in federal court, and so Rooker-Feldman did not apply. Similarly, in Gulla, the state court had decided the case on a procedural issue, not on a substantive issue intertwined with the constitutional claim made in federal court, and so Rooker-Feldman did not apply. The Third Circuit made this point this quite clearly last year in

Bass: "In fact, we have held that a state court decision may activate Rooker-Feldman even if the state court only 'implicitly' ruled upon the relevant issue." Bass, 116 Fed. Appx. at 382. The state court need not explicitly address the issue brought to federal court.

Plaintiff's attempt to characterize its suit as a challenge to the Planning Board resolution, rather than to the state court decision, does not prevent the application of Rooker-Feldman: invalidating the resolution would necessarily invalidate the state court decision making it legally binding. Plaintiff argues that Rooker-Feldman does not apply to state administrative decisions, pointing to dicta in Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991). Even if this were the holding of Ivy Club, it would be irrelevant, as the present case does not involve the decision of a state administrative agency. Plaintiffs attempt to argue that Rooker-Feldman cannot apply to a Planning Board decision, since a Planning Board is not a state court. But this ignores the fact that the state court ordered that the matter be heard by the Planning Board, adopted its decision, and ordered it to be legally binding on the parties. This Court may not overlook the fact that the Planning Board decision and the subsequent state court final decision are themselves inextricably intertwined. The Third Circuit has interpreted Rooker-Feldman "to encompass final decisions of lower state courts." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). There is no way for this Court to hear an action on the constitutionality of the Planning Board decision without simultaneously judging the correctness of the state court's decision that it be binding.

**CONCLUSION**

For the foregoing reasons, this Court concludes that, under the Rooker-Feldman doctrine, it does not have subject matter jurisdiction.

Based upon the foregoing discussion, and this Court having reviewed and considered the parties' submissions, and upon good cause appearing,

IT IS on this 26th day of September, 2005,

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED; and it is

FURTHER ORDERED that a copy of this Order be served on the parties within seven (7) days of the entry of this Order.

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: September 26, 2005